Manly, J.
 

 In considering this case, we have confined our attention to a single exception, the fourth in order, which objects to the instruction of the Court below, in respect to the money paid on the order for $80. The order was drawn by one Rogerson, in favor of Hall, upon T. S. Skinner, and the latter testified that it was presented nnindorsed to him, by the
 
 *16
 
 intestate, A. W. Clayton, and that he paid it to the said Clayton. This raised
 
 prima facie,
 
 an indebtment to that amount from Clayton to Hall. ¥e have examined the statement of proofs in this ease, and do not find any evidence of a payment —of a credit in account, or other settlement of the same. When his Honor, therefore, submitted it to the jury to say whether it had, or had not been accounted for, it was error. To leave a question of fact to the jury, without some evidence bearing upon the matter, and upon which they might base their verdict, is to invite them to wander into the field of conjecture, and to act upon the uncertain suggestions there met with.
 

 The case was admitted to turn, in one aspect of it, upon the point whether the money received by Oiayton, upon the draft, payable to Hall, was ever accounted for by Clayton with Hall, and this being left to the jury, without evidence, vitiates the finding.
 
 Cobb
 
 v.
 
 Fogleman,
 
 1 Ired. 444;
 
 Sutton v. Madre, 2
 
 Jones, 320.
 

 There must be a
 
 venire de
 
 novo.
 

 Per Curiam,
 

 Judgment reversed.